UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT STRAUB,

                Plaintiff,

vs.                              Case No. 2:06-cv-44-FtM-29SPC

CITY OF FORT MYERS BEACH,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Strike Defendant's Immaterial and Scandalous Affirmative Defense Number 8 From Defendant's Amended Answer and Affirmative Defenses (Doc. #16), filed on March 20, 2006. Defendant filed a Response (Doc. #17) on March 30, 2006.

On January 20, 2006, plaintiff Scott Straub filed a Complaint (Doc. #1) seeking relief under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. Specifically, plaintiff alleges barriers to access with regard to general areas, the women's "toilet room," and the men's "toilet room." On March 1, 2006, defendant filed an Amended Answer and Affirmative Defenses (Doc. #13). Plaintiff seeks to strike affirmative defense number eight from defendant's affirmative defenses pursuant to Fed. R. Civ. P. 12.

Defendant's eighth affirmative defense states:

> The Town of Fort Myers Beach states that Plaintiff may have an improper purpose in filing this action that is not permitted under the ADA.

(Doc. #13, p. 4). Plaintiff argues that the affirmative defense casts a derogatory light on him and his counsel implying that they are "being disingenuous in bringing the above styled action and are bringing it only for the purpose of collecting fees." (Doc. #16, p. 2). Defendant has filed a response stating that the defense is one of avoidance, and that plaintiff does not have standing to claim redress for alleged barriers in the women's toilet room because plaintiff he is male and alleging injury on behalf of others.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Although plaintiff may have construed affirmative defense eight as "mudslinging," it is not immediately apparent that defendant is stating that the "improper purpose" is with regard to attorney's fees or counsel. In fact, defendant's response belies such an implication and provides a wholly different explanation. That being said, the Court finds that the eighth defense is vague. Defendant's first affirmative defense states:

> The Town of Fort Myers Beach states that Plaintiff lacks
> standing to assert claims for violations which did not
> result in denial of access to him personally.

(Doc. #13, p. 3).  It would appear that what defendant seeks to assert in the eighth affirmative defense what is encompassed by the first affirmative defense.  Since the eighth affirmative defense is vague as to what it seeks to avoid or what specific allegations are improper, and it may be redundant, the Court will strike the affirmative defense.  Defendant will however be provided the opportunity to amend and provide a more definite statement.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Strike Defendant's Immaterial and Scandalous Affirmative Defense Number 8 From Defendant's Amended Answer and Affirmative Defenses (Doc. #16) is **GRANTED** without prejudice with leave to amend within **ELEVEN (11) DAYS** to provide a more definite statement.  If a "Second Amended Answer and Affirmative Defenses" is not filed within the prescribed time, the Court will consider the eighth affirmative defense is **stricken.**

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of April, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record